SAVOY, Judge.
Plaintiff appealed from an adverse district court judgment.
This is an action in tort instituted by plaintiff for personal injuries received and property damage to his car against Burton *833 Ashworth, Mary Ann Knight, and State Farm Mutual Automobile Insurance Company as the insurer of Mary Ann Knight, resulting from a three-car collision which occurred on the night of September 28, 1962. Judgment was rendered in the lower court in favor of plaintiff against defendant Ashworth, but was dismissed as to the remaining defendants.
On the night of the accident the three vehicles involved were being driven by Shaw, Knight and Ashworth in a southerly direction on Louisiana Highway 182, commonly referred to as the Old Opelousas-Sunset road. Plaintiff was in the lead car, followed by Ashworth and Mrs. Knight, in that order.
The highway at the location of the accident is on a grade. Vehicles proceeding south go down the grade commencing at a railroad crossing, and after crossing the Bayou Callahan Bridge, vehicles proceeding south then go up the grade and into a curve. The highway, at various points in the grade, is marked with yellow lines indicating that passing is not allowed.
Plaintiff contends that the trial court was in error in not granting judgment against Mrs. Knight and her insurer, State Farm, for the reason that the record reveals that Mrs. Knight passed the Ashworth vehicle in a yellow lane and then cut back abruptly into Ashworth’s lane, causing Ash-worth to strike Mrs. Knight in the rear, and, in turn, causing Mrs. Knight to strike plaintiff in the rear.
Defendants, on the other hand, contend that when the accident occurred, Mrs. Knight had completed the passing maneuver and had been in her proper lane when struck by Ashworth; that the sole cause of the accident was a failure of Ashworth to keep a proper lookout.
While the trial judge did not assign written reasons for judgment, the judge adopted the position advanced by defendants.
The evidence is conflicting. Ashworth and a guest passenger testified they were talking and were not paying attention ahead. It was also brought out during the trial that Ashworth had been drinking on the night in question.
Mrs. Knight and her mother testified at the trial, but did not add anything which helps this Court in reaching a decision.
Plaintiff, being in the lead car, could not say how the accident occurred.
After reviewing the record, we are of the opinion that the proximate cause of the accident was the negligence of Ashworth in that he failed to keep a proper lookout and had been drinking at the time of the collision.
This is a fact case. The trial judge was familiar with the highway and had the opportunity to observe and appraise the testimony of each witness. We, accordingly, will not disturb his ruling.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.